UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH J. LOSS, JR.,

Plaintiff,

v.

STONEX GROUP, INC.,

Defendant.

No. 25 C 11261

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Joseph Loss, Jr. brings this action against his former employer StoneX Group, Inc. ("StoneX") for wrongful termination under Illinois law. StoneX moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. 10. For the following reasons, that motion is granted.

## Legal Standard

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

1

U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Loss worked as a quantitative developer at StoneX, a financial services company, performing his duties remotely and in person at the StoneX office in downtown Chicago. R. 1-2 ¶¶ 6, 7. In mid-January 2024, Loss was in the process of moving from the suburbs to downtown Chicago and had to park his car in a public garage while his driveway was being snowplowed. *Id.* ¶ 10. Though Loss generally kept his concealed carry weapon in his car, he placed it in his backpack. *Id.* Six days later, Loss went to work at the StoneX office, forgetting that the firearm was still in his backpack. *Id.* ¶ 11. Because of the presence of the Federal Reserve in StoneX's office building, the Federal Reserve Police conduct a security screening at the entrance using an x-ray machine. *Id.* ¶ 12. When Loss walked into the office building and put his backpack through the x-ray machine, the Federal Reserve Police officers discovered his firearm and pulled Loss aside, at which point Loss provided a valid Firearm Owner Identification Card and Concealed Carry License ("CCL"). *Id.* ¶ 13.

2

The officers ran the licenses and returned the firearm to Loss to store elsewhere, and Loss left the building, returned home, and worked remotely for the rest of the day. *Id.*

StoneX Human Resources ("HR") was notified that a security incident occurred and interviewed Loss and one of his managers. *Id.* ¶ 15. At the end of the following day, Loss received an email from HR that he was suspended for one week pending an investigation into the incident. *Id.* ¶ 16. StoneX's US Employee Handbook "strictly prohibits employees . . . from possessing weapons of any kind at the workplace," which includes any property owned or leased by StoneX or occupied by employees or persons providing services to StoneX. *Id.* ¶ 17. On February 1, 2024, StoneX fired Loss for bringing a firearm into the workplace. *Id.* ¶¶ 18, 19.

Loss filed a suit for wrongful termination under Illinois law in the Circuit Court of Cook County. StoneX removed the case to this Court and filed a motion to dismiss.

## Discussion

In Illinois, employment is generally "at will," meaning that an employer can discharge an employee "for any reason, or no reason." *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500 (2009) (citations and internal quotation marks omitted). The common law tort of wrongful termination is a "limited and narrow" exception to this general rule. *Id.* To state a claim for wrongful termination, an employee must allege that he was discharged in retaliation for engaging in certain activity and that the discharge violates a clear mandate of public policy. *Id.* A clear mandate of public policy may be found in the Illinois constitution, statutes, or judicial decisions and

3

"must strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* at 500–01 (quoting *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 130 (1981)). It must be more than a restriction on the power of government and directly concern the employer-employee relationship. *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 527–28 (1985); *Levine v. UL LLC*, 2023 IL App (1st) 221845, ¶ 30. Further, it must be sufficiently specific to put employers on notice that decisions contrary to that policy could expose them to liability. *Turner*, 233 Ill. 2d at 503 (citations omitted).

Here, Loss fails to adequately plead that his discharge violated a clear mandate of public policy. Loss asserts that StoneX violated the clear mandate of public policy codified in the Illinois Firearm Concealed Carry Act ("FCCA") that:

> persons who are licensed by the State to exercise their fundamental right to the concealed carry of firearms in public for self-defense must be able to safely and without consequence leave a prohibited location with their lawful firearm, especially before actually entering it, once alerted to the prohibited nature of the location or reminded of the carrying of the firearm.

*See* R. 13 at p. 9; R. 1-2 ¶ 25. Loss derives this purported policy from two provisions of the FCCA: Section 65(a), which bars CCL holders from "knowingly" carrying a firearm into certain spaces, and Section 65(c), which provides that CCL holders "shall not be in violation of this Section while he or she is traveling along a public right of way that touches or crosses any of the [prohibited] premises" while carrying a firearm otherwise in accordance with the statute. *See* 430 ILCS 66/65(a), (c).

The purpose and effect of these two provisions is to delineate the areas where carrying a concealed firearm constitutes a violation of the statute. Insofar as the two provisions espouse any public policy in favor of CCL holders, it is a limit on the

government's ability to enforce the FCCA in certain circumstances. They do not impose any particular obligation on private employers with respect to CCL holder employees. *See Barr*, 106 Ill. 2d at 528 (finding no clearly mandated public policy where the provisions at issue restrict the power of government and "mandate nothing concerning the relationship of private individuals, including private individuals in the employer-employee relationship"). Nor do they offer "clear direction" to employees or employers in the "specific context" of a CCL holder employee who mistakenly enters or almost enters the workplace with his firearm. *Cf. Levine*, 2023 IL App (1st) 221845, ¶¶ 29, 34 (finding Section 65(b) of FCCA, which authorizes the storage of concealed firearms in vehicles in the parking area of private property where firearms are prohibited, evinced a clear mandate of public policy permitting a CCL holder employee to store his firearm in his vehicle in his employer's parking lot).

Loss further argues that by expanding the scope of "the workplace" to include the building entrance, StoneX violated his right to carry concealed firearms in public for self-defense under the FCCA.[1] In support, he cites a Connecticut state court case that held a Connecticut constitutional provision permitted employees to bring a firearm to work for self-defense in the absence of a company policy to the contrary. *See Winters v. Concentra Health Servs., Inc.*, No. CV075012082S, 2008 WL 803134 (Conn. Super. Ct. Mar. 5, 2008). Yet Loss acknowledges that Illinois law applies and that StoneX had a policy banning weapons in "the workplace." As alleged, Loss was

---

[1] Although, in making this argument, Loss refers to the violation of his Second Amendment right to carry a concealed firearm in public, he elsewhere discusses how the FCCA facilitates the exercise of that right. *E.g.*, R. 13 at p. 8.

fired for entering the building where StoneX's office is located with a firearm. R. 1-2 ¶ 13 ("When Loss entered the building and put his backpack through the Federal Reserve's x-ray machine, the guard discovered Loss's firearm. . ."). Illinois law, namely the FCCA, does not espouse a clear mandate of public policy that precludes an employer from taking adverse action against a CCL holder employee who mistakenly carries his firearm into the building where the employer's office is located.

Because Loss fails to sufficiently plead that his termination violated a clear mandate of public policy, his complaint must be dismissed. StoneX asks the Court to dismiss the complaint with prejudice. Generally, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The Court will therefore grant Loss leave to amend.

### Conclusion

For the foregoing reasons, the Court grants the motion to dismiss. The amended complaint, if filed, is due on June 26, 2026.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: June 8, 2026

6